## SNIPES et al. v. YOUTH ARGOSY, Inc. et al.

Civ. A. No. 50–785.

United States District Court
D. Massachusetts.

Dec. 19, 1950.

Stephen P. Weston, Orrin P. Rosenberg, Boston, Mass., for plaintiff.

Mayo A. Shattuck, Paul C. Reardon and Haussermann, Davison & Shattuck, all of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The Court declines to accept jurisdiction of this case on the following grounds:

The question whether the defendant, Youth Argosy, Inc., is a charitable corporation organized under Chapter 180 of the Massachusetts General Laws and is thus subject to regulation through the office of the Attorney General of the Commonwealth, is peculiarly a question for the state courts to decide. We do not doubt that we have the right to decide the question, but in the instant case an affidavit filed in support of a motion to dismiss shows that the Treasury Department of the United States has recognized this corporation as being organized and operated exclusively for educational and charitable purposes and has rendered it exempt from taxation. Were this matter to be retained by this Court, the action of the Treasury Department might be considered more persuasive here than it would be in a court which is initially charged with interpreting its own laws. While Rogers v. Guaranty Trust Co., 288 U.S. 123, 131, 53 S.Ct. 295, 298, 77 L.Ed. 652, is not on all fours with this case, nevertheless it contains the broad statement that " * * * whenever considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of the particular case", jurisdiction will be declined.

In the instant case I think that the Courts of Massachusetts should have the first opportunity to determine whether or not this corporation is a charitable one subject only to suit by the Attorney General of the Commonwealth and, for that reason, jurisdiction is declined.